UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **DANIELA RENDON,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 7:25-cv-327-RDP-GMB |
| **BROTON, Warden of FCI Aliceville,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On April 25, 2025, the Magistrate Judge entered a Report and Recommendation, recommending that the court grant Respondent's motion to dismiss Petitioner's amended petition for a writ of habeas corpus as moot. (Doc. 10). On May 9, 2025, Respondent notified the court that Petitioner had updated her address (Doc. 12), and on the same day, Petitioner filed a notice of change of address and a response to Respondent's motion to dismiss. (Doc. 14). The court sent the Report and Recommendation to Petitioner's new address, but she has not filed any objection.

In her response to the motion to dismiss, Petitioner admits that she "is no longer in the [] custody of the Bureau of Prisons ("BOP"). (Doc. 14 at 1). Because Petitioner has been released from the custody of the Bureau of Prisons (Doc. 9 at 1; Doc. 9-1), the court can no longer provide her meaningful relief. To the extent Petitioner seeks release from incarceration, her prayer for relief is moot. The court therefore finds that the petition for writ of habeas corpus is also moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (holding that "a case must be dismissed as moot if the court can no longer provide 'meaningful relief'") (quoting *Fla. Assoc. of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000)).

There are two exceptions to the mootness doctrine: (1) collateral consequences and (2) "capable of repetition yet evading review." *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1120-21 (11th Cir. 1995). Neither exception applies here. Although Petitioner claims that she "continues to suffer collateral consequences" because she "remains under supervised release and continues to experience substantial adverse effects," she has not demonstrated any concrete injury. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) (holding that a petitioner must demonstrate "some concrete and continuing injury" to avoid the mootness doctrine once he has been released from custody); *see also Joseph v. Cohen*, 2024 WL 1059564, at * 2 (M.D. Ala. Feb. 13, 2024) (finding no evidence in the record that petitioner would suffer collateral consequences from BOP's alleged failure to award earned time credits under the FSA after his release from BOP custody), *adopted*, 2024 WL 1054563 (M.D. Ala. Mar. 11, 2024). Finally, Petitioner has not demonstrated that she will be subjected to the same action again. Consequently, the court **ADOPTS** the Magistrate Judge's Report and **ACCEPTS** the recommendation. The court will grant the motion to dismiss and dismiss this action as moot.

A final judgment will be entered.

**DONE** and **ORDERED** this May 30, 2025.

R. DAVID PROCTOR
CHIEF U.S. DISTRICT JUDGE